IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>   Plaintiff, )<br>  )<br>   v. )<br>  )<br> $3,199.79 IN UNITED STATES )<br> CURRENCY, )<br>  )<br>   Defendant. ) | CIVIL ACTION NO.<br> 2:24cv544-MHT<br> (WO) |

**DEFAULT JUDGMENT AND DECREE OF FORFEITURE**

Before the court is the government's motion for default judgment and decree of forfeiture as to defendant $ 3,199.79. This amount was seized from Jimothy Deaundrey Ford in a traffic stop for violations of 21 U.S.C. § 841(a)(1) (drug distribution).[1] The court has considered the motion and finds as follows.

On August 26, 2024, the government filed a complaint alleging the defendant is subject to forfeiture *in rem* pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure

---

1. Ford has a federal case (3:24cr203, M.D. Ala.) pending related to this drug-distribution charge.

and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished, by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, used to facilitate violations of 21 U.S.C. § 841.

Pursuant to a warrant of arrest *in rem* issued on August 28, 2024, the defendant was served on September 3, 2024.  *See* Process Receipt and Return (Doc. 4).

Pursuant to Supplemental Rule G(4)(b)(iii)(B), on September 5, 2024, attorney Stephen Purdue[2] was served with copies of the notice of complaint for forfeiture against personal property, of the verified complaint

---

2. The court has been orally informed that Purdue was the attorney who filed an administrative claim with the Drug Enforcement Administration on behalf of Ford, leading to this civil action.

2

for forfeiture *in rem*, and of the warrant of arrest *in rem*.  *See* Process Receipt and Return (Service on Attorney) (Doc. 5).

Pursuant to Supplemental Rule G(4)(b)(iii)(C), on September 10, 2024, potential claimant Ford was served with copies of the notice of complaint for forfeiture against personal property, the verified complaint for forfeiture *in rem*, and the warrant of arrest *in rem* at the Mac Sim Butler Montgomery County Detention Facility.  *See* Process Receipt and Return (Service on Potential Claimant) (Doc. 6).

Pursuant to Supplemental Rule G(4)(a), notice of this civil forfeiture action against the defendant was published for 30 consecutive days on an official government internet site (www.forfeiture.gov), as evidenced by the declaration of publication filed with this court on November 4, 2024.

On December 2, 2024, the clerk of court entered default against Ford, and all other persons and entities having an interest in the defendant, pursuant

3

to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to timely defend as required by law.  *See* Entry of Default (Doc. 11).

This court has subject-matter jurisdiction over this case, for a district court has original jurisdiction over civil cases brought by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355.  A forfeiture action may be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred.  The United States of America is the plaintiff in this civil forfeiture action and the acts giving rise to this action occurred in the Middle District of Alabama.

The government's application and request to enter default against Ford and all other persons and entities having an interest in the defendant establishes that the requirements for proper notice set forth in Supplemental Rule G were fully satisfied.

Pursuant to Supplemental Rule G(5)(a) and (b), any claimant to the defendant was required to file a claim no later than 35 days after the written notice was sent, or 60 days after the first publication of notice on the official government website. The time period to contest the forfeiture of the defendant has expired, and no extensions to these time periods have been requested, consented to, or granted by this court. No person or entity has filed either a claim or an answer to the verified complaint for forfeiture *in rem* as to the defendant.

The factual allegations set forth in the verified complaint for forfeiture *in rem* show that the defendant is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished, by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange;

all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, used to facilitate violations of 21 U.S.C. § 841(a)(1).

The factual allegations of the complaint are verified by a Drug Enforcement Administration Task Force Officer, and they are undisputed. *See* Complaint (Doc. 1) at 6. Consequently, hearings are not necessary to enter or effectuate the default judgment. *See* Fed. R. Civ. P. 55(b)(2).

The government has shown that (a) the parties that have an interest in the defendant are in default; (b) default judgment is procedurally warranted; and (c) it has sufficiently pled its factual basis for entry of default judgment.

***

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, it is ORDERED and ADJUDGED as follows:

(1) The government's motion for default judgment and decree of forfeiture (Doc. 12) is granted.

(2) Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment is entered in favor of the plaintiff United States of America and against defendant $ 3,199.79 in United States currency.

(3) All right, title, and interest in the defendant currency is forfeited to and vested in the plaintiff United States of America, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

(4) The United States District Court shall retain jurisdiction in this case for the purpose of enforcing this order.

(5) The clerk of the court shall forward a certified copy of this order to the United States Attorney's Office.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 28th day of January, 2025.

                                        /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE